39  607
140s 644

THE CHICAGO, PEORIA & ST. LOUIS RAILWAY COM-
PANY ET AL., IMPLEADED, ETC.,

v.

MARSHALL P. AYERS ET AL.

*Banks—Account of Several Corporations with, under One Name—Inter-
est on Advances and Overdrafts—Recovery of.*

1.  Under an agreement between the president of several railroad com-
panies and a bank, an account having been opened therewith by him in
their behalf under a certain name, that said bank should be paid interest
on advances and overdrafts, an action may be brought against all the com-
panies to recover such interest.

2.  The fact that one of such roads was being built and not in operation
could not affect such right nor could the fact that as between themselves
such companies kept separate accounts and had a system by which balances
were struck.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Morgan County; the
Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for appellants.

Messrs. BROWN & KIRBY and EDWARD L. McDONALD, for
appellees.

CONGER, P. J.  On the 6th of March, 1887, Mr. W. S.
Hook was the president of the following four railroad com-
panies, to wit:  The Jacksonville Southeastern Railway Co.,
The Chicago, Peoria & St. Louis Ry. Co., The Litchfield
Carrollton & Western R. R. Co., and the Louisville & St.
Louis Railway Co.

Mr. Hook as president of, and representing all of said com-
panies, opened an account with appellees at their bank, under
the name of the Jacksonville Southeastern Line.

In this account the earnings of, and payments for the four companies were all put together, and so far as the bank was concerned there was nothing in the manner of keeping the accounts or transacting the business, to show what proportion of the moneys were used for or belonged to the respective companies. Between March 6, 1886, and October of that year, Hook agreed with A. E. Ayers, one of the firm of M. P. Ayers & Co., the appellees, that the bank should be paid interest on all advances or overdrafts made on this account, and this action was brought against the four companies for this interest.

The Jacksonville Southeastern Ry. Co. and the Louisville & St. Louis Ry. Co. were defaulted, and the C., P. & St. L. Ry. Co. and the L., C. & W. R. R. Co. defended on the ground that they were not jointly liable. Appellees recovered a verdict and judgment for $2,191.91.

The Louisville & St. Louis Railway Company was organized in September, 1886, and the road was built in the summer and fall of 1887, while it does not appear to have been fully completed and in operation until about January, 1888, from which fact, it is urged by appellants, this company could not have been a party to the arrangement by which the "line" was created; we see no force in this objection; whether the road was being built, or was actually completed, would make no difference. It existed as a corporation and had as much right to enter into the arrangement as either of the other companies, and in fact did so, although during the summer and fall of 1887, it was receiving from the general fund of the "line" for the expenses of its construction, and paying nothing in.

A great deal of testimony went before the jury to show that these corporations, among and between themselves, kept separate accounts and had a system by which balances were struck. While we have read this evidence with care, we fail to see how it can affect appellees. It was not the business of the owner of the bank to know what corporations composed the "line," or how the accounts stood as between them.

They had a right to adjust their account with the "line,"

and when it was found to be owing them a balance, to hold as responsible therefor all the corporations of which it was composed.

The instructions complained of are substantially correct, and we think that the judgment is just and supported by the evidence, and hence will be affirmed.

*Judgment affirmed.*